UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDDIE RIVERA,

        Plaintiff,

  v.

EDWARD GOLLA *et al.,*

        Defendants.

Case No. C07-5281RJB

ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND INSTRUCTING PLAINTIFF TO FOLLOW COURT RULES REGARDING HIS FILINGS

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). On July 26, 2007, the court clerk's office received a letter from plaintiff regarding this case. In the letter plaintiff requests the courts help in obtaining an attorney, order he be transferred because he is in fear of retaliation, and he asks for an unspecified "restraining order" (Dkt. # 15).

    Defendants have objected to the court considering plaintiff's letter as a motion for a number of reasons (Dkt. # 16). The reasons include lack of proper service, failure to properly note the matter, and failure to follow the Federal Rules of Civil Procedure and Local Rules regarding motion practice. Defendants have not responded on the merits to plaintiff's allegations of retaliation except to note that plaintiff is now seeking a transfer to another facility so he can use the law library (Dkt. # 16).

    The court declines to appoint counsel in this case. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request

ORDER
Page - 1

counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. <u>Wilborn</u>, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Moreover, it appears that this case does not involve exceptional circumstances which warrant appointment of counsel. Accordingly, plaintiff's request for help in obtaining counsel is **DENIED**.

The court will not consider the remainder of the letter as a motion. Plaintiff's filing was not properly served on defense counsel or the defendants. Further, the matter was not properly noted. Finally, plaintiff needs to state with specificity what relief he seeks and give the basis for why he believes he is entitled to that relief. As defendants note, requests for court action must be in the form of a motion properly noted and served (Dkt. # 16).

The clerk is directed to send a copy of this order to plaintiff and to counsel for the defendants. If plaintiff wishes the court to consider his requests for transfer and for some form if injunctive relief he will need to proper bring the matter as a motion, served on opposing counsel and properly noted.

DATED this 20 day of August, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge