1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDDIE RIVERA,

          Plaintiff,

    v.

EDWARD GOLLA *et al.,*

          Defendants.

Case No.  C07-5281RJB

ORDER DENYING PLAINTIFF'S
MOTION FOR AN EXTENSION
OF TIME AND GRANTING
PLAINTIFF'S MOTION TO
AMEND HIS COMPLAINT

16

17

18

19

20

21

     This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is plaintiff's motion asking for an extension of time to file a response to defendant's motion to dismiss (Dkt # 29).  Also before the court is a motion to amend the complaint (Dkt. # 25).  Plaintiff asks that he be allowed to drop the Washington State Department of Corrections as a defendant and instead he seeks to sue each remaining defendant in their official and individual capacity (Dkt # 25).  Plaintiff also demands trial by jury.

22

23

24

25

26

     These motion come as part of a flurry of activity in this case. Defendants moved to dismiss on August 27, 2007, (Dkt. # 22).  Four days later, on August 31, 2007,  plaintiff filed a motion for injunctive relief and damages (Dkt. # 23).  Plaintiff then filed a motion for appointment of counsel on September 5, 2007, a motion for leave to file an amended complaint on September 11, 2007, and a motion for an extension of time to respond to defendants motion on September 21, 2007, (Dkt. # 24, 25, and 29).

27

28

     Plaintiff has had over one month to address defendant's motion. (Dkt. # 22).  Plaintiff argues he is waiting for the court to appoint him counsel (Dkt # 29, page 1).  Plaintiff's motion for appointment of

ORDER
Page - 1

1  counsel was denied September 25, 2007, (Dkt # 31).  **The clerk is directed to send Mr. Rivera a copy of**

2  **the order denying appointment of counsel to his new address at the Washington State Penitentiary.**

3  **Plaintiff is reminded to keep the court informed as to any changes in address.**

4       Plaintiff also argues he is in maximum custody and now has limited access to a law library and that

5  he does not have his legal files with him. The number of motions and documents filed by plaintiff since the

6  defendants moved to dismiss undermines any argument regarding access to court.  The motion to dismiss

7  raises the following arguments:

8         1.    Failure to exhaust administrative remedies.

9         2.    The Department of Corrections is not a person.

10         3.    Lack of physical injury.

11         4.    Failure to state a claim.

12       Plaintiff has failed to address the motion in the time regularly allotted for a response.  The motion

13  for an extension of time is **DENIED.**

14       Plaintiff also seeks to amend the complaint and provides a copy of the proposed amended

15  complaint (Dkt # 25). Defendants oppose the motion (Dkt. # 27).  Defendants argue amendment is futile as

16  the proposed amended complaint suffers from the same defect as the original. Defendants argue plaintiff

17  cannot maintain this action as he did not file grievances to administratively exhaust the issues raised in

18  either the original complaint or the amended complaint (Dkt. # 27).

19       A plaintiff may amend once as a mater of course under Fed. R. Civ. P. 15 (a).  Plaintiff's motion for

20  leave to amend is **GRANTED.**

21       **The clerk's office is directed to send plaintiff a copy of this order at his new address at the**

22  **Washington State Penitentiary, send a copy of the order to counsel for defendants, and remove**

23  **docket numbers 25 and 29 from the court's calendar**.

24

25       DATED this 4 day of October, 2007.

26

27                     /S/ *J. Kelley Arnold*
                        J. Kelley Arnold

28                          United States Magistrate Judge