UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDDIE RIVERA,

    Plaintiff,

v.

EDWARD GOLLA *et al.*,

    Defendants.

Case No. C07-5281RJB

REPORT AND RECOMMENDATION

**NOTED FOR:
October 26, 2007**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court are defendant's motion to dismiss (Dkt. # 22), and plaintiff's motion for injunctive relief and damages (Dkt. # 23).  Both motions are noted for September 28, 2007.  Defendants have responded to plaintiff's motion for injunctive relief and damages (Dkt. # 28).  Plaintiff did not respond to defendant's motion and instead filed several motions including a motion for extension of time to file a response.  The motion for an extension of time to file a response has been denied.  This matter is now ripe for review.

## FACTS

    Plaintiff alleges Custody Unit Supervisor (CUS) Golla, Classification Counselor Stricker, and Correctional Officer Gray of the Larch Corrections Center attempted to coerce the plaintiff into becoming

REPORT AND RECOMMENDATION
Page - 1

an informant between January and April of 2007, (Dkt. # 25, proposed amended complaint).  Plaintiff alleges that in March of 2007 a locker search disclosed legal material belonging to other inmates and he was verbally warned by CUS Golla not to do legal work for others (Dkt. # 25, proposed amended complaint).

Plaintiff alleges that in April of 2007, "unnamed" staff persons began spreading rumors that plaintiff was a "snitch" and a "rapist."  He alleges that he reported his concerns and fears to defendants but they took no action to protect him.  Plaintiff alleges that in April of 2007, defendants Stricker and Golla avoided him (Dkt. # 25, proposed amended complaint).

Plaintiff alleges that in May of 2007, Correctional Officer Gray informed him "they" know your trying to start some legal process "saying we forced you to be an informant." Plaintiff further alleges he was told by Correctional Officer Gray it was best if he just lay low (Dkt # 25, proposed amended complaint).

In the original and amended complaint plaintiff admits the Larch Corrections Center has a grievance program and that he did not file a grievance regarding the claims he raises in his complaints.  Plaintiff states, "[t]his is not a grievable issue that could be resolved at the institutional level due to staff corruption." (Dkt. # 4 and 25, page 2).  Further, plaintiff does not allege any physical injury in either his complaint or his amended complaint.

## STANDARD OF REVIEW

A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.  Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

## DISCUSSION

1.   Defendant's motion to dismiss.

A. <u>Failure to exhaust administrative remedies</u>.

In both the complaint and amended complaint plaintiff states that he did not file a grievance. (Dkt. # 4 and 25, page 2). The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter v. Nussle</u>, 534 U.S. 516 (2002) (quoting <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)). The <u>Porter</u> Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." <u>Porter</u>, 534 U.S. at 520.

Plaintiff has attempted to bypass the exhaustion requirement by alleging staff corruption. The court is not aware of any authority that allows for such action. The defendants motion to dismiss this action should be **GRANTED.** This would be **DISMISSAL WITHOUT PREJUDICE.**

B. <u>The Department of Corrections</u>.

The Department of Corrections is not a named defendant in the amended complaint (Dkt # 25). Defendant's argument regarding the Department is therefore moot.

C. <u>Lack of physical injury</u>.

Under 42 U.S.C. § 1997(e), no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. A *de minimis* physical injury is not sufficient to support a claim for mental or emotional suffering. <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997); <u>Oliver v Keller</u>, 289 F.3d 623 (9th Cir. 2002).

Plaintiff requests monetary relief, $ 5,000,000, "for mental anguish and tramatic [sic] stress; mental

distress and suffering; grave agony and defamation of character." (Dkt # 25 page 11). He does not allege any physical injury attributable to any named defendant. Defendants are entitled to dismissal at the Fed. R. Civ. P. 12 (b) (6) stage. The defendants motion to dismiss this action should be **GRANTED.** This would be **DISMISSAL WITH PREJUDICE.** Having reached this conclusion, the court does not address the remainder of defendant's motion to dismiss.

      2.      <u>Plaintiff's motion for injunctive relief and damages</u>.

Plaintiff alleges that on August 16, 2007, he was infracted for losing his job and doing legal work for others and placed in segregation at the Larch Corrections Center. He was subsequently transferred, first to the Washington Corrections Center, and later to the Washington State Penitentiary (Dkt. # 23); <u>See</u> <u>also</u>, (Dkt. # 29, which has a Penitentiary return address for plaintiff). He further alleges he has lost good conduct time as a result of this incident. (Dkt. # 23).

Plaintiff alleges his legal material was taken from him on August 16, 2007, and that although he has repeatedly requested return of the material not all of the material has been returned. (Dkt # 23). Plaintiff requests $80, 000 in damages, and $1,500 per day for each day he is housed in maximum security and for each day he loses good time credit (Dkt. # 23). He also asks for an injunction preventing any named defendant in this action from having any contact with him and from having access to his central file or his computer file (Dkt # 23).

Defendants have responded and submitted a number of declarations (Dkt # 28). Defendants allege that on August 16, 2007, plaintiff was doing legal work for other inmates when he was suppose to be acting as a teachers assistant in a computer lab. Defendants submit the declaration of CUS Golla with copies of the legal work belonging to other inmates that was confiscated from plaintiff (Dkt # 28, exhibit 2, attachment b). Defendants aver plaintiff had been warned numerous times not to possess other inmates legal work outside the mail room and not to charge for legal work (Dkt # 28, exhibit 2, declaration of Golla). Plaintiff was fired from his job.

Plaintiff was infracted and as the infraction would change his custody level he was transferred to facility with a higher custody grade. Defendants allege all legal work except documents belonging to other inmates has been returned. Defendants further allege plaintiff was found guilty of the infraction and lost 30 days good conduct time (Dkt # 28, page exhibit 3, attachment 1). On September 13, 2007, plaintiff was

REPORT AND RECOMMENDATION
Page - 4

transferred to the Washington State Penitentiary. Defendants aver all of Mr. Rivera's property was transferred to the Penitentiary on September 21, 2007 (Dkt # 28, page 4).

Defendants argue the Prison Litigation Reform Act 18 U.S.C. § 3626 (a)(1)(A) prohibits granting injunctive relief in this case (Dkt. # 28, page 4).

A.   Standard of review

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

Plaintiff's meets neither standards and his request improperly seeks both monetary relief and restoration of good time, or a finding that good time has been improperly denied him. Plaintiff fails to show he will suffer any irreparable injury if he is denied relief. Further, the law in this area is well settled. Plaintiff's attempts to portray the actions of defendants and other persons as retaliation for his filing this action fails.

To state a § 1983 claim based on retaliation, plaintiff must allege (1) the type of activity engaged in was a protected right under the constitution; and (2) the State impermissibly infringed on the right to engage in the protected activity. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Plaintiff also must establish that the retaliatory act does not advance legitimate penological goals, such as preserving institutional order and discipline. Id.; Barnett v. Centoni, 31 F. 3d 813, 816 (9th Cir. 1994).

Plaintiff was infracted for conduct directly relating to the orderly operation of a minimum custody facility (fired from his job for doing legal work for others in an unauthorized manner). He was given due process and found guilty of the infractions. He has lost good time and his custody has been increased. Because the actions taken further legitimate penological goals, they cannot form the bases for a claim of retaliation.

With regard to legal materials, plaintiff alleges he has not received all his material (Dkt. # 23, page

REPORT AND RECOMMENDATION
Page - 5

4). Plaintiff claims an address book, letters with contact information, and legal notes are still missing. The Department of Corrections avers all material except materials belonging to other inmates was forwarded to the Penitentiary on September 21, 2007. Plaintiff simply does not meet the standard for granting injunctive relief under this set of facts.

Plaintiff's motion for injunctive relief and damages should be **DENIED.**

### CONCLUSION

This action should be **DISMISSED WITH PREJUDICE** for the reasons stated above. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 26, 2007** as noted in the caption.

DATED this 4 day of October, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge