UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDDIE RIVERA,

        Plaintiff,

    v.

EDWARD GOLLA, *et al.*,

        Defendants.

Case No. C07-5281RJB

ORDER

    This matter comes before the Court on Plaintiff's Motion for the Court to Order the Department of Corrections to Transfer Eddie Rivera to King County Work Release Program (Dkt. 37), the Report and Recommendation of Magistrate Judge J. Kelley Arnold (Dkt. 35), and Plaintiff's Motion to Vacate Judge Arnold's Order Denying Plaintiff's Motion for Extension of Time (Dkt. 39). The Court has considered the pleadings filed in favor and in opposition to these motions, and the remainder of the file herein.

    Plaintiff, acting pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging, in part, that staff members at Larch Corrections Center pressured him to become an informant, and unnamed staff members began spreading rumors that he was a "snitch" and a "rapist." Dkt. 34. The facts are related in the Report and Recommendation and shall not be repeated here. Dkt. 35. The Report and Recommendation recommends dismissal of Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) due to Plaintiff's failure to exhaust his administrative remedies, and his failure to plead a physical injury. *Id*.

    Plaintiff filed objections to the Report and Recommendation. Dkt. 39. Plaintiff also appeals Judge Arnold's decision to deny Plaintiff's motion for extension of time. *Id*. Plaintiff has filed a "Motion for the

Court to Order the Department of Corrections to Transfer Eddie Rivera to a King County Work Release Program." Dkt. 37. This Opinion will first address Plaintiff's motion for an order of transfer, his appeal of Judge Arnold's order, and lastly, the Objections to the Report and Recommendation.

## II.   DISCUSSION

### 1.   MOTION FOR ORDER OF TRANSFER TO KING COUNTY WORK RELEASE

Plaintiff argues that since the filing of his civil rights complaint, he has lost 15 custody points, 2 programming points, 40 days good conduct time, 5 days earned time. Dkt. 37. He argues that as a result he lost his work release date of August 18, 2007. *Id*. Plaintiff argues that Defendants have taken his points and time away in retaliation for the filing of the complaint in this matter. *Id*. Plaintiff seeks injunctive relief: a transfer to King County's Work Release Program. *Id.*

To the extent that Plaintiff is attempting to seek relief for a claim of retaliation under Section 1983, he must allege that (1) the type of activity engaged in was a protected right under the constitution, and (2) the State impermissibly infringed on the right to engage in the protected activity, and (3) that the prison authorities' alleged retaliatory action did not advance legitimate goals of the correctional institution. *Rizzo v. Dawson,* 778 F.2d 527, 531 (9th Cir. 1994).

Plaintiff fails to state a claim for retaliation. Plaintiff has failed to allege that the Defendants' decisions to take away his some of his points and good time did not advance legitimate goals of the correctional institution. To the extent that Plaintiff basis his motion for a transfer to King County Work Release on a claim for retaliation under Section 1983, his motion should be denied. Moreover, Plaintiff points to no authority permitting the kind of injunctive relief he seeks. Neither the Due Process Clause nor Washington state law create a liberty interest in remaining in a particular prison or a particular custody level. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Plaintiff has not shown how he was denied a constitutional right by being placed in a particular prison population.

### 2.   REVIEW OF ORDER DENYING MOTION FOR EXTENSION OF TIME

Fed. R. Civ. P. 72(a) provides:

Nondispositive Matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of

the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Plaintiff has failed to show that Judge Arnold's Order Denying Plaintiff's Motion for Extension of Time (Dkt. 33) was "clearly erroneous or contrary to law." Under Fed. R. Civ. P. 6(b), the Court may, for cause shown, extend a deadline. Judge Arnold's order states that Plaintiff's motion for an extension of time was denied because rather than respond to Defendant's motion to dismiss, Plaintiff filed several other pleadings (Dkts. 23-25). Dkt. 33. Judge Arnold rejected Plaintiff's argument that he did not respond because he was waiting for the appointment of counsel. *Id*. Plaintiff now argues that he was in segregation when he received the Defendants' motion, and so was not permitted much time to do his research. Plaintiff's argument is unavailing. Judge Arnold properly noted that Plaintiff filed several motions rather than respond to the Defendant's motion to dismiss. Plaintiff has failed to carry his burden under Fed. R. Civ. P. 72(a). The portion of Plaintiff's Objection which is an appeal of Judge Arnold's order should be denied and Judge Arnold's order affirmed.

### 3. REPORT AND RECOMMENDATION

The following address the objections Plaintiff raises to the adoption of the Report and Recommendation. As explained below, the Report and Recommendation should be adopted, except as explained below in the 3.b. (Physical Injury under the PLRA).

#### a. Exhaustion

Judge Arnold recommends dismissal of the Amended Complaint without prejudice because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e. Dkt. 35. Plaintiff argues that he was not required to plead exhaustion in his complaint under *Jones v. Bock*, 127 S. Ct. 910, (2007), and that exhaustion would be futile. Dkt. 39. However, Plaintiff attaches various grievance forms to his Objections to the Report and Recommendation. Dkt. 39, 11-16.

After the Supreme Court's ruling in *Jones*, the Ninth Circuit again reviewed exhaustion requirements for prisoners under the PLRA in *O'Guinn v. Lovelock Correctional Center,* 2007 WL 2482149 (9th Cir. September 5, 2007). The Ninth Circuit held that in ruling on a motion to dismiss due to

a prisoner's failure to exhaust his administrative remedies, a "court may look beyond the pleadings and decide disputed issues of fact. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *O'Guinn* (*internal citation omitted*). Accordingly, looking beyond the pleadings to the attachments filed by Plaintiff, Plaintiff has failed to exhaust his administrative remedies. Even under the most liberal construction, none of these grievance forms address Plaintiff's claims or the issues he raises here. For example, one grievance form relates to the alleged failure to mail a jewelry box (Dkt. 39, at 11) and another to the confiscation of a jewelry box (*Id.* at 12). There is simply no indication that Plaintiff exhausted available remedies. Plaintiff alleges that exhaustion was futile due to the prison officials corruption. Dkt. 39. Plaintiff offers no evidence of his allegation, nor does he point to any authority supporting his position. The Report and Recommendation should be adopted on this issue, and Plaintiff's Amended Complaint dismissed without prejudice for failure to exhaust administrative remedies.

      b. <u>Physical Injury Under the PLRA</u>

Under 42 U.S.C. § 1997(e), no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. A *de minimis* physical injury is not sufficient to support a claim for mental or emotional suffering. *Oliver v. Keller,* 289 F.3d 623 (9th Cir. 2002). In *Oliver*, the Ninth Circuit held that to the extent the plaintiff has actionable claims for compensatory, nominal or punitive damages-premised on violations of his Fourteenth Amendment rights, and not on any alleged mental or emotional injuries-his claims were not barred by § 1997e(e). *Oliver,* 630.

In the "Relief" portion of Plaintiff's Amended Complaint, he states that he "requests punitive damages in the amount of 5 million dollars, U. S. currency, for mental anguish and tramatic [sic] stress; mental distress and suffering; grave agnoy [sic] and defamation of character inflicted on Plaintiff by means of the conduct and actions of the Defendants." Dkt. 34, at 11. Plaintiff acknowledges in his Objections that he did not suffer a physical injury. He argues that he should not be forced to wait until he suffers an assault, or worse, before he is permitted to bring an action for the government's failure to protect him.

To the extent that Plaintiff brings claims for mental and emotional injuries, his claims are barred by 1997e(e), the Report and Recommendation should be adopted, and those claims dismissed with prejudice.

It is unclear whether Plaintiff makes a claim for punitive damages premised on the deliberate indifference to his safety, and whether such a claim would survive a motion to dismiss. In any event, in light of the fact that the Amended Complaint should be dismissed without prejudice for failure to exhaust administrative remedies, the Court need not reach this issue.

      c.    <u>Conclusion</u>

The Report and Recommendation should be adopted, except as explained in 3.b. (Physical Injury under the PLRA) of this opinion. Plaintiff's Amended Complaint should be dismissed.

### III.    ORDER

Therefore, it is **ORDERED** that:

- Plaintiff's Motion for the Court to Order the Department of Corrections to Transfer Eddie Rivera to King County Work Release Program (Dkt. 37) is **DENIED**,
- The Report and Recommendation of Magistrate Judge J. Kelley Arnold (Dkt. 35) is **ADOPTED**, except as explained in part 3.b. of this opinion, and **PLAINTIFF'S AMENDED COMPLAINT IS DISMISSED**, and
- Plaintiff's Motion to Vacate Judge Arnold's Order Denying Plaintiff's Motion for Extension of Time (Dkt. 39) is **DENIED**.

DATED this 7th day of November, 2007.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge